UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| STEPHEN CRAIG MARSHALL | ) | CASE: A18-53890-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S SUPPLEMENTAL OBJECTION TO
CONFIRMATION AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

It appears the Debtor has no regular source of income, thereby rendering the Debtor ineligible for Chapter 13 relief pursuant to 11 U.S.C. Section 109(e).

2.

The plan as proposed will extend to sixty-nine (69) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

4.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $900.00 per month in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

5.

Schedule A fails to correctly reference the ownership interest of real estate which is the subject of this Chapter 13 estate.

6.

The Chapter 13 schedules fail to reflect the Debtor's disability income of $2,200.00 per month, thereby preventing the contribution of all projected disposable income to this plan in possible violation of 11 U.S.C. Section 1325(b)(1)(B).

7.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

8.

The Chapter 13 plan proposes to pay $5,100.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

9.

The Debtor is proposing a zero percent (0%) dividend payment to nominal unsecured debt totaling $1,235.00, which may violate 11 U.S.C. Section 1325(a)(3).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 28th day of June, 2018.

Respectfully submitted,

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874

# CERTIFICATE OF SERVICE

Case No:  A18-53890-JWC

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Supplemental Objection To Confirmation And Motion To Dismiss Case by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s)**
STEPHEN CRAIG MARSHALL
255 HUNTINGTON STREET
COVINGTON, GA  30016

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Supplemental Objection To Confirmation And Motion To Dismiss Case through the Court's Electronic Case Filing system.

**Debtor(s) Attorney:**
SLIPAKOFF & SLOMKA, PC
se@myatllaw.com

This the 28th day of June, 2018.

/s/_____
Ryan J. Williams
Attorney for the Chapter 13 Trustee
State Bar No. 940874
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303